TILLMAN PEARSON, Judge.
The appellant, as plaintiff, received a verdict at the hands of the jury and suffered a final judgment against him upon defendant’s motion to set aside the verdict and for entry of judgment for the defendant in accordance with defendant’s motion for a directed verdict at the conclusion of all of the evidence. Upon a review of the court’s order directing a verdict, all of the evidence must be viewed in the light most favorable to the party moved against. Martin v. Thompson, Fla.App.1960, 124 So.2d 744.
Stated from this viewpoint, the record reveals that the plaintiff was working on the roof of a building in the Biscayne Shopping Plaza. He was employed by Sommer Brothers Construction Company, Inc., and was lawfully upon the roof. The defendant, Flagler Federal Savings and Loan Associations of Miami, maintained an office in the Shopping Plaza and, by arrangement with the management of the Plaza, maintained a speaker on the roof of the building upon which Mr. Lonis, the plaintiff, was working. This was not the building in which the Savings and Loan Association had its offices.
For some time it had been the practice of the defendant-Association to broadcast on the hour chimes and music over the loudspeaker by means of an electronic recording device. The plaintiff knew of the existence of the speaker but did not connect its purpose with the broadcast which he had heard. On one occasion when he was working just below the speaker, it began to operate. He described the sensation as sounding “like I was inside of a giant bell and someone had taken a hammer and hit the bell * * The plaintiff suffered a hearing loss which was attributed by the treating doctor to this experience. The jury awarded the plaintiff a verdict of $9,000.
The controlling question on this appeal is whether or not the injury, which the jury found Mr. Lonis suffered, was one for which the defendant, Flagler Federal Savings & Loan Association, is liable. The general rule in Florida is that a defendant may be liable for injuries received by a plaintiff if the injuries suffered are such as would be reasonably foreseeable. Stated in another way, the duty of the defendant to protect members of the public from consequences of the defendant’s action extends only so far as the consequences of defendant’s action may reasonably be expected to cause damage to others. Schatz v. 7-Eleven, Inc., Fla.App.1961, 128 So.2d 901.
*43 The evidence before the court in this instance was uncontroverted as to the fact that the intensity of the sound emitted was not such as would ordinarily damage the human ear. The damage in this instance resulted from plaintiff’s unusually close proximity to the speaker or some other factor not apparent from the record.
The plaintiff is in a different position than he would have been if he were a 'member of the general public. Persons en-‘ gaged in construction work, or work in and about buildings, or upon the roofs of buildings, cannot expect the same freedom from opportunity for injury that is given to persons on streets or in places provided for the public. See Kagan v. Eisenstadt, Fla. App.1957, 98 So.2d 370.
In Quinnelly v. Southern Maid Syrup Company, Fla.App.1964, 164 So.2d 240, the plaintiff brought suit to recover damages for burns and shock received while near a truck-crane which came in contact with energized high voltage electrical wires located on the defendant’s land. It was held that, although the plaintiff may have been an employee-invitee lawfully upon the land, the defendant breached no duty owed the plaintiff. Where a reasonable man should expect and anticipate the potential hazard, the plaintiff’s duty is at least as great as that of the land owner. The court stated that:
“There [was] no superior knowledge of danger on the defendant’s part existing in this case. * * * It was not the duty of the land owner to furnish the plaintiff a safe piace to work, but to use due care in maintaining his premises. Notice or warning is not required where the dangerous condition is open and obvious to a person who is exercising reasonable care for his own safety.”
It would be unreasonable to require that the defendant anticipate that the plaintiff or some other person would, working upon a roof area and recognizing a loudspeaker, place himself in such a position that his ear would be only a few inches from the speaker. We therefore hold that the injury suffered by the plaintiff was not one for which the defendant is liable. The trial judge correctly determined that no cause of action was proved and, accordingly, directed a verdict for the defendant.
Affirmed.