**Joseph SKIDMORE, Jr., Plaintiff,**

v.

**TRAVELERS INSURANCE COMPANY et al., Defendants.**

**Civ. A. No. 72–1981.**

United States District Court,
E. D. Louisiana.

March 9, 1973.

Louis R. Koerner, Jr., New Orleans, La., for plantiff.

Ashton R. Hardy, New Orleans, La., for defendants.

ALVIN B. RUBIN, District Judge:

The Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651 et seq., imposes safety requirements on employers engaged in business affecting interstate commerce. This suit asserts that the statute, by implication, creates a private cause of action for civil damages

against executive officers of the employer for the employer's failure to comply with the Act.[1]

■ While the statute imposes a duty on employers, and enforces that duty by criminal sanctions and by creating a right to injunctive relief, it does not mention any private civil remedy against the employer for damages suffered by an employee as a result of a violation of the Act.[2] Ordered to review and brief its legislative history, counsel has been unable to indicate to the court any material in the statute's legislative course tending to create the slightest implication that Congress intended to create a duty to respond to the individual employee in damages.

The Act indicates a contrary intention, neither to limit nor to expand the duties of employers; for 29 U.S.C.A. § 653(b)(4), recites:

> "Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment."

■ While courts have sometimes divined an implicit right to damages from a statute creating a duty expressly enforced in some other way,[3] and this court has itself reached a similar result with respect to the Fair Labor Standards Act,[4] civil liability does not necessarily or inevitably result from the violation of a statutory duty expressly made enforceable in some other manner. It was recently held that the child labor provisions of the Fair Labor Standards Act did not provide a civil remedy for damages resulting from the employment of a child in Breitweiser v. KMS Industries, Inc., 5 Cir. 1972, 467 F.2d 1391. There the court said:

> "In summary, we can find no indication that Congress intended the FLSA, which was passed to deter oppressive child labor and contains substantial enforcement provisions, to form the basis for an expansion of state wrongful death liability . . . Moreover, we do not believe policy considerations call for this Court to extend FLSA remedies to include private suits for damages."

Id., 467 F.2d at 1394. In quoting Justice Harlan's concurring opinion in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 1971, 403 U.S. 388, 402, 91 S.Ct. 1999, 29 L.Ed.2d 619, the court further added:

> " '[I]n suits for damages based on violations of federal statutes lacking any express authorization of a

1. Plaintiff's counsel has removed any ambiguity in the pleadings by stating categorically to the court that no claim is made against the employer, either under OSHA or on any other basis, and that the only claim against the executive officers is for breach of the duty argued to be implicitly created by the statute.

2. The OSHA does provides for civil penalties. These penalties, however, are deposited into the Treasury of the United States and can only be recovered in a civil action brought in the name of the United States. 29 U.S.C.A. § 666(k).

3. Allen v. State Board of Elections, 1969, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed. 2d 1; Jones v. Alfred H. Mayer Co., 1968, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189; Wyandotte Transportation

v. United States, 1967, 389 U.S. 191, 88 S.Ct. 379, 19 L.Ed.2d 407; J. I. Case Co. v. Borak, 1964, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423; Gomez v. Florida State Employment Service, 5 Cir. 1969, 417 F.2d 569; Fitzgerald v. Pan American World Airways, 2 Cir. 1956, 229 F.2d 499; Mortimer v. Delta Airlines, N.D.Ill.1969, 302 F.Supp. 276; Town of East Haven v. Eastern Airlines, Inc., D.Conn.1968, 282 F.Supp. 507; Wills v. Trans World Airlines, S.D.Cal.1961, 200 F.Supp. 360; Kardon v. National Gypsum, E.D.Pa.1947, 73 F.Supp. 798.

4. Fagot v. FlintKote Co., E.D.La.1969, 305 F.Supp. 407. *See* Armstrong, Expressio Unius, Inclusio Alterius: The Fagot-Gomez Private Remedy Doctrine, 5 Georgia L.Rev. 97, 103–109 (1970).

damage remedy, this Court has authorized such relief where, in its view, damages are necessary to effectuate the congressional policy underpinning the substantive provisions of the statute.'

. . . This is not such a case." Breitweiser, *supra,* 467 F.2d at 1394.

But we may pretermit the issue of the employer's liability, for this suit seeks to assert the individual liability of executive officers. The Act in terms applies only to "employers". Nothing in it purports to imposes any duty on employees of an employer, executive or otherwise.

■ No case has been cited stretching an implication to this degree. The imposition of a duty on the employer does not create liability for performance of that duty on officers or other employees of the employer.

The Senate report that accompanied the bill to the floor for passage provided that the purpose of the bill was "to reduce the number and severity of work related injuries and illnesses which, despite current efforts of employers and government, are resulting in ever-increasing human misery and economic loss." United States Code Congressional and Administrative News, 1970, p. 5177. From the very wording of the statute and all of the legislative reports, it is clear that OSHA applies only to *"employers".*

The statute provides that the duty of the *employer* shall be to provide for safe job sites by furnishing places of employment free from recognized hazards that might cause death or serious harm to employees.[5] Neither statutory provision nor legislative history has been cited to support the chimerical proposition that Congress intended either to create a duty on other employees of the same employer (even though they are executives) or to give injured workers a private civil remedy against such other employees, albeit executives.

Absent precedent for such an interpretation with respect to any other statute, absent any language in the OHSA even remotely susceptible of construction as creating a civil cause of action against executive officers, and absent even a title of legislative history to justify such an interpretation, the notion that OHSA creates such a right must be rejected. Hence the motion to dismiss is granted.

Having found that plaintiff has failed to state a claim upon which relief can be granted, this court need not consider the question of a possible remedy under state law, for there is no pendent jurisdiction that would allow such consideration.[6]

---

5. 29 U.S.C.A. § 654(a)(1).

6. En passant, the recent decision of the Louisiana Court of Appeal in Johnson v. Schneider, 1 Cir. La.App.1973, 271 So.2d 579, should be noted. The facts necessary to support recovery under Louisiana law, as there explained, are not evident here, but this decision does not rule on that cause of action in any way.