**Lester RUSSELL, Plaintiff Appellant,**

v.

**Wallace BARTLEY et al., Defendants-Appellees.**

No. 73-1791.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 15, 1974.

Decided March 27, 1974.

Robert L. Bertram, Jamestown, Ky., for plaintiff-appellant.

Donald F. Mintmire, Munfordville, Ky., and Michael A. Owsley, Bowling Green, Ky., for defendants-appellees; Robert B. Hensley, Hensley & Mintmire, Munfordville, Ky., and English, Lucas, Priest & Owsley, Bowling Green, Ky., on briefs.

Before PECK and ENGEL, Circuit Judges, and CONTIE, District Judges.*

* Honorable Leroy J. Contie, United States District Judge for the Northern District of Ohio, sitting by designation.

PER CURIAM.

The issue in this case is one of first impression in this Circuit. We are asked to hold that the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651–678 (hereinafter "OSHA"), impliedly created a private remedy for damages resulting from violations of the Act. For the reasons set forth in this opinion we decline to so hold.

Appellant was injured in the course and scope of his employment with the Bartley and Barton partnership, allegedly as a result of the failure of this employer to comply with provisions of OSHA. The injuries of which appellant complains were occasioned when a ditch in which he was working collapsed. He applied for and received workmen's compensation benefits pursuant to the applicable Kentucky statutes for the injuries he sustained. Appellant instituted this suit against his employer claiming that OSHA created a private cause of action against employers for violations of the Act. Subsequently, he filed an amended complaint bringing Howard K. Bell, Consulting Engineers, Inc. (hereinafter "Bell") into the suit as an additional defendant. Bell acted as supervising engineer and designed the plans and specifications on the project on which appellant was injured, the allegation against Bell being that its negligence was a joint and concurrent cause of the injuries. The amended complaint further alleged that all parties to the suit were residents of Kentucky and that Bell was a Kentucky corporation. Jurisdiction was asserted under 28 U.S.C. § 1331.

The District Court, acting on defendants' motions to dismiss and for summary judgment, concluded that OSHA did not give an employee a cause of action against his employer or any other party and dismissed the complaint for want of jurisdiction. Judgment was entered in favor of defendants, and this appeal followed.

OSHA's declared purpose is "to assure so far as is possible every working man and woman in the Nation safe and healthful working conditions. . . ." 29 U.S.C. § 651(b). To this end the Act specifies safety requirements for employers engaged in interstate business and emphasizes the duty of the employer to provide safe working conditions. Enforcement of that duty is by criminal sanction, civil penalty and the right to injunctive relief. However, nowhere in the statute or in the record of the debate on the Act in Congress is there any mention of a private civil remedy against anyone for damages suffered by an employee because of a violation of the Act. On the contrary, the Act provides that:

> "Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment." 29 U.S.C. § 653(b)(4).

Arguments not unlike those made by appellant were advanced in two cases emanating from the Fifth Circuit. Hare v. Federal Compress and Warehouse Co., 359 F.Supp. 214 (N.D.Miss. 1973); Skidmore v. Travelers Ins. Co., 356 F.Supp. 670 (E.D.La.1973), aff'd per curiam, 483 F.2d 67 (5th Cir. 1973). In *Hare* the plaintiff sought to fix liability upon a property owner or the prime contractor who hired the subcontractor whose employee was killed as a result of alleged OSHA violations. The court dismissed this claim because "the act does not 'enlarge or diminish or affect any . . . liabilities of employers . . . under any law . . . .' 29 U.S.C. § 653(b)(4)." 359 F.Supp. at 218. *Skidmore* involved a complaint filed against executive officers of the injured workman's employer for the employer's failure to comply with the Act. The *Skidmore* court stated as follows: "While the statute imposes a duty on employers, . . . it does not mention any private civil remedy

against the employer . . . . ." 356 F.Supp. at 671. In neither of the above cases was the employer named as a defendant, but both courts clearly recognized the difficulty in concluding that OSHA directly or impliedly created any type of civil remedy in favor of employees.

Defendant-appellee Bell was not appellant's employer. "From the very wording of the statute and all of the legislative reports it is clear that OSHA applies only to '*employers*.'" *Skidmore, supra,* 356 F.Supp. at 672. With respect to Bartley and Barton, there is no legislative history or case law to support appellant's proposition that OSHA created a private civil remedy and the clear language of § 653(b)(4) of the Act specifically evidences a congressional intention to the contrary. Therefore, the District Court's determination that it lacked jurisdiction under 28 U.S.C. § 1331 was eminently correct.

The judgment is affirmed.