**Lorene W. BYRD, Appellant,**

**v.**

**FIELDCREST MILLS, INC., et al.,
Appellees.**

No. 74-1015.

United States Court of Appeals,
Fourth Circuit.

Argued April 3, 1974.

Decided May 20, 1974.

Norman B. Smith, Greensboro, N. C. (Smith, Carrington, Patterson, Follin & Curtis, Greensboro, N. C., on brief), for appellant.

Bynum M. Hunter, Greensboro, N. C. (Smith, Moore, Smith, Schell & Hunter, Greensboro, N. C., on brief), for appellees.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

PER CURIAM:

Alleging that the defendants' negligent violation of the Occupational Safety and Health Act, 29 U.S.C. § 651 et seq., was the proximate cause of her intestate's death, the plaintiff instituted this action for damages in the district court. Since, concededly, plaintiff's intestate died as the result of injuries sustained in an accident arising out of and in the course of his employment with the defendant, Fieldcrest Mills, Inc., which was covered under the North Carolina Workmen's Compensation Act, the district court concluded that 29 U.S.C. § 653(b)(4)[1] precluded a private remedy and dismissed the action under Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief could be granted.

Upon careful consideration of the record, briefs and oral arguments we agree with this conclusion of the district court and affirm the judgment of dismissal.[2]

Affirmed.

---

1. "Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment." 29 U.S.C. § 653(b)(4).

2. *Cf.* Skidmore v. Travelers Insurance Company, 356 F.Supp. 670 (E.D.La.1973), aff'd per curiam, 483 F.2d 67 (5 Cir. 1973).