Ann H. **BUHLER**

v.

**MARRIOTT HOTELS, INC.,** et al.,

**Liberty Mutual Insurance Co.,**
**Intervenor.**

**Civ. A. No. 73–2317.**

United States District Court,
E. D Louisiana.

Aug. 20, 1974.

———◆———

Frank B. Hayne III, Hammett, Leake, Hammett, New Orleans, La., for plaintiff.

Robert A. Katz, Metairie, La., for intervenor.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John J. Weigel, New Orleans, La., for Marriott Hotels, Inc., Marriott Corp., Duman Investments, Inc., and Liberty Mutual.

A. R. Christovich, Jr., Christovich & Kearney, New Orleans, La., for Daley and Sikora, McGrath.

ALVIN B. RUBIN, District Judge.

The defendants have moved for partial summary judgment in an attempt to foreclose plaintiff's claim to the extent that it states a claim for damages for violation of the Occupational Safety and Health Act, 29 U.S.C. § 651 et seq. They rely on this court's decision in Skidmore v. Travelers Insurance Company, E.D.La.1973, 356 F.Supp. 670, and the Fifth Circuit's affirmance of it, 483 F.2d 67 (1973).

*Skidmore* rested on two rationales, each developed in some detail. The first reason for the decision was that nothing in the legislative history of the Act, or in any other relevant source material, indicates an intent on the part of Congress to create a private action for damages; indeed, the legislative history indicates a contrary intent. The second rationale for the decision was the court's belief that the Act imposed duties only upon the employer, and not upon employees; this factor was important in *Skidmore* because the claim was one for executive officer liability.

Counsel for the plaintiff has pointed out that the court in *Skidmore* overlooked § 5(b) of the Act, which imposes on each employee the duty to "comply with occupational safety and

health standards and all rules, regulations, and orders issued pursuant to this Act which are applicable to his own actions and conduct." As Frankfurter said, "[w]isdom too often never comes, and so one ought not to reject it merely because it comes late." Henslee v. Union Planters National Bank, 1949, 335 U.S. 595, 600, 69 S.Ct. 290, 293, 93 L.Ed. 259. To the extent that *Skidmore* rests upon its second rationale, the court now disavows it as erroneous.

██ But counsel's argument leaves untouched the first rationale in *Skidmore*. If it was *dicta* there, it operates as holding here and disposes of this motion for summary judgment.

██ The defendants' motion for summary judgment is therefore granted. The plaintff may, of course, use OSHA standards and evidence that they have been violated as evidence of negligence at trial, to the extent they would be admissible for that purpose under the rules of evidence; this decision forecloses only the plaintiff's claim that OSHA creates a private right of action to sue for damages.