**Curtis FAWVOR, Plaintiff,**

v.

**TEXACO, INC., Defendant and Third-Party Plaintiff,**

v.

**FOSTER WHEELER CORP., Third-Party Defendant,**

**B & B Insulation, Inc., Defendant and Third-Party Defendant.**

**No. B–73–CA–254.**

United States District Court,
E. D. Texas,
Beaumont Division.

Feb. 5, 1975.

Joe H. Tonahill, Jasper, Tex., for plaintiff, Curtis Fawvor.

John G. Bissell, Strong, Pipkin, Nelson, Parker & Powers, Beaumont, Tex., for defendant and third-party plaintiff, Texaco, Inc.

George A. Weller, Weller, Wheelus & Green, Beaumont, Tex., for third-party defendant, Foster Wheeler Corp.

Cleve Bachman, Orgain, Bell & Tucker, Beaumont, Tex., for defendant and third-party defendant, B & B Insulation, Inc.

## ORDER

STEGER, District Judge.

The Court has before it a motion to dismiss for lack of subject matter jurisdiction, and a motion to strike plaintiff's claims based on violations of the regulations promulgated under the Occupational Safety and Health Act, 29 U.S.C.A. § 651 et seq., filed by B & B Insulation.

By way of background, this is a suit seeking damages for personal injuries the plaintiff allegedly received while working for an independent contractor, Foster Wheeler, on the premises of the defendant Texaco. The plaintiff first brought suit against Texaco, alleging negligence with diversity of citizenship as the basis for jurisdiction. Although the plaintiff failed to include any allegation as to Texaco's principal place of business in his complaint, the Court is satisfied from a review of the record that diversity jurisdiction does exist between Curtis Fawvor, a Texas citizen, and Texaco, a foreign corporation.

Thereafter, Texaco filed third-party complaints against the plaintiff's employer, Foster Wheeler, and B & B Insulation, another independent contractor, seeking indemnity on the basis of contract in the former, and common law in the latter complaint. After these parties were brought into the case, the plaintiff filed an amended complaint naming Texaco and B & B as defendants. In his amended complaint, the plaintiff alleges that Texaco is incorpo-

rated in Delaware and has a permit to do business in Jefferson County, Texas, and the defendant, B & B, is a private corporation also permitted to do business in Texas. The amount in controversy is claimed to exceed $10,000.00.

It appears to the Court that the plaintiff is asserting jurisdiction on the basis of diversity of citizenship and ancillary jurisdiction in the first instance and federal question jurisdiction in the second instance. Federal question jurisdiction is predicated on the plaintiff's claim that the Occupational Health and Safety Act of 1970 (hereinafter referred to as "OSHA") creates a private cause of action for violations of the Act and the regulations promulgated thereunder.

■■ At the outset, the Court notes that the diversity jurisdiction allegations are defectively pleaded in the plaintiff's amended complaint. The complaint lacks allegations as to the principal place of business of both Texaco and B & B Insulation and also as to the place of incorporation of B & B. See Wright, Law of Federal Courts § 69 (2d ed. 1970). However, defective pleading can be cured by looking to the whole record, and upon so doing the Court finds that there is diversity of citizenship between the plaintiff and Texaco, but not between the plaintiff and B & B because that defendant was incorporated in Texas. *See generally* 2A Moore's Federal Practice para. 8.10 (2d ed. 1974).

The Court will now turn to a discussion of the motions filed by B & B Insulation, Inc. In these motions, B & B contends that the suit should be dismissed for lack of subject matter jurisdiction because complete diversity does not exist between the plaintiff, a Texas citizen, and the defendants for the reason that B & B is also a Texas resident. Further B & B claims that OSHA does not create a private cause of action and therefore, there is no federal question jurisdiction present.

## Diversity of Citizenship

Rule 14 of the Federal Rules of Civil Procedure allows the plaintiff to assert claims against a third-party defendant that arise out of the original transaction or occurrence. However, the great weight of authority is to the effect that he must have independent jurisdictional grounds to assert such claims. See 3 Moore's Federal Practice para. 14.27 [1] (2d ed. 1974). In denying ancillary jurisdiction, most of these Courts followed the lead of Professor Moore in the first edition of his treatise. However, in light of the decision of the Supreme Court in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), Professor Moore urges a re-examination of the strict Strawbridge v. Curtis rule:

"At the outset, the question must be redefined. It should not be a question of pure law posing the choice 'either there is ancillary jurisdiction and the court must take it, or there is no ancillary jurisdiction, and the court cannot take it.' Instead, since there is jurisdictional power to hear the whole case, the question is one of trial court discretion whether to exercise that jurisdiction, considering all the factors of economy and convenience in the context of federalism." 3 Moore's Federal Practice, *supra* at 14–570.

The Court's research has failed to uncover a case decided by the Fifth Circuit Court of Appeals precisely on the question presented herein. In a somewhat similar case, the Fifth Circuit in Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709 (5th Cir. 1970), allowed a Maryland third-party defendant to assert a Rule 14(a) counterclaim against a Maryland plaintiff. In that case the Court recognized by way of dicta, that the weight of authority would dictate that there must be independent jurisdictional grounds in the converse situation where a plaintiff is suing a non-diverse third-party defendant and said that the application of ancillary ju-

risdiction to each type of claim must be decided separately.

 Despite the *Revere* dicta suggesting a contrary result, this Court is of the opinion that the better course is that suggested by Professor Moore, namely, once diversity jurisdiction is established between the original plaintiff and defendant, as in the case at bar, then the Court in its discretion, may allow the plaintiff to assert ancillary claims against the non-diverse third-party defendant. Taking into consideration all relevant factors, this Court is of the opinion that there is jurisdiction to entertain this cause of action based on diversity of citizenship between the plaintiff and Texaco and ancillary jurisdiction over the claim against B & B Insulation.

### Federal Question Jurisdiction under OSHA

As noted previously, the plaintiff contends that this Court has federal question jurisdiction because the Occupational Safety and Health Act creates a private right of action for violations of the Act and the regulations promulgated pursuant thereto. The Court disagrees.

At the outset, in his quest for a new federal cause of action, the plaintiff must sidestep a statutory roadblock. The Act provides that,

> "(4) Nothing in this chapter shall be construed . . . to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment." 29 U.S.C.A. § 653(b)(4).

The recent decision by the Supreme Court, Passenger Corp. v. Passengers Assn., 414 U.S. 453, 94 S.Ct. 690, 38 L. Ed.2d 646 (1974), is particularly instructive in passing on this question. In that case, the National Association of Railroad Passengers brought suit contending that under the Amtrak Act, 45 U.S.C.A. § 501 et seq., certain discontinuances of passenger trains were not authorized by, and in fact were prohibited by the Act. In deciding that the Act only created a public cause of action to be maintained by the Attorney General, the Court said that where a particular remedy is provided in an Act, that Courts should not expand the coverage of the statute to include other remedies. 414 U.S. at 458, 94 S.Ct. 690.

 This Court is faced with a similar situation because the Occupational Safety and Health Act provides for a full range of enforcement procedures to be used by the Secretary of Labor to effectuate the goals of the Act. The Secretary is empowered to issue citations, assess penalties and seek injunctions to counteract imminent dangers. The Act simply does not create, either directly or impliedly, a private civil remedy for damages. This is true whether the employee is suing his employer or some third party. Russell v. Bartley, 494 F. 2d 334 (6th Cir. 1974).

Therefore, the Court finds that the motion to strike allegations in the plaintiff's second amended complaint setting up any violation of Occupational Safety and Health Act of 1970, as a separate cause of action and ground for jurisdiction, should be in all things sustained.

It is, therefore, ordered that all allegations seeking to assert a cause of action predicated on a violation of the Occupational Safety and Health Act of 1970, as a separate cause of action and ground for jurisdiction be, and the same are in all things stricken.

The Court further finds that the motion to dismiss based upon lack of diversity jurisdiction should be overruled;

It is, therefore, ordered that defendant's motion to dismiss for lack of diversity jurisdiction is overruled; and

 Having made such rulings, this Court further finds that there are substantial grounds for difference of opinion with regard to the controlling questions of law as to whether or not this Court has jurisdiction of the plaintiff's

claim against the third-party defendant, B & B Insulation, Inc. and whether or not the Occupational Safety and Health Act of 1970 creates a private cause of action as contended by the plaintiff, and that an immediate appeal from this order will materially advance the ultimate termination of this litigation, and that further proceedings in this Court should be stayed pending this interlocutory appeal;

Therefore, all interested parties are hereby granted leave to file application for interlocutory appeal to the Court of Appeals; and

It is further ordered that proceedings in this Court are stayed pending the determination of said interlocutory appeal.