**FEDERAL EMPLOYEES FOR NON-SMOKERS' RIGHTS (FENSR) et al., Plaintiffs,**

v.

**UNITED STATES of America et al., Defendants.**

**Civ. A. No. 77–1059.**

United States District Court, District of Columbia.

March 1, 1978.

182

Joel D. Joseph, Paul D. Kamerar, Washington, D. C., for plaintiffs.

Barbara Allen Babcock, Asst. Atty. Gen., Earl J. Silbert, U. S. Atty., David J. Anderson, Catherine A. Ribnick, Washington, D. C., for defendants.

## MEMORANDUM

CHARLES R. RICHEY, District Judge.

This case is before the Court on the plaintiffs' motion for summary judgment and the defendants' motion for judgment on the pleadings. For the reasons hereinafter stated, the Court finds that the defendants are entitled to a judgment on the pleadings as to counts 2 (29 U.S.C. § 668(a)), 3 (fifth amendment), and 4 (first amendment) of the complaint. The Court concludes that further briefing is required as to count 1 (common law claim).

In their complaint, plaintiffs allege injury as a result of the smoking permitted in the federal buildings of the defendants. Plaintiffs consist of several groups opposed to smoking and various nonsmokers employed by the federal government. They seek declaratory and injunctive relief restricting smoking to designated areas of the defendants' buildings and requiring the defendants to ensure that the indoor air quality in federal facilities is healthful and safe for federal employees. Plaintiffs assert four causes of action: (1) the Occupational Safety and Health Act of 1970 (OSH Act), 29 U.S.C. § 668(a); (2) the first amendment to the Constitution; (3) the fifth amendment to the Constitution; and (4) the common-law duty of providing employees with a safe and healthful workplace.

## I. THE OCCUPATIONAL SAFETY AND HEALTH ACT DOES NOT PROVIDE EMPLOYEES WITH A CAUSE OF ACTION AGAINST FEDERAL EMPLOYERS.

Plaintiffs argue that 29 U.S.C. § 668(a) of the OSH Act requires federal agencies to "provide safe and healthful places and conditions of employment . . .." Because plaintiffs are the intended beneficiaries of the OSH Act, they contend, this creates a private cause of action enforceable in federal court. The defendants argue that Congress did not intend to create a private right of action under the OSH Act against these federal defendants, and none, therefore, should be implied. The Court agrees.

■ In determining whether a private cause of action can be implied from a statute, the Court must focus upon the language of the statute and, if unclear, the legislative history to ascertain whether Congress intended to allow private litigants to sue. *See National Railroad Passenger Corp. v. National Assoc. of Railroad Passengers*, 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974); *J. I. Case Co. v. Borak*, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). Nowhere in the OSH Act, in its legislative history, nor in its statutory declaration of purpose and policy is there the slightest implication that Congress intended to create a private civil remedy against anyone because of a violation of the Act. *See Jeter v. St. Regis Paper Co.*, 507 F.2d 973 (5th Cir. 1975). In fact, the Act specifically provides that:

> Nothing in the chapter shall be construed to supersede, or in any manner affect any workmen's compensation law or to enlarge or diminish or *affect in any manner the common law or statutory rights, duties, or liabilities of employers and employees under any law* with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.

29 U.S.C. § 653(b)(4) (emphasis added). Thus, the Act itself *precludes* this Court from implying a private cause of action because doing so would be to construe the Act in a manner that would affect the common-law rights of employers and employees by expanding the choice of actions a plaintiff may bring, by preventing common-law defenses from being asserted against a plaintiff, etc. *See Byrd v. Fieldcrest Mills, Inc.*, 496 F.2d 1323 (4th Cir. 1974); *Russell v. Bartley*, 494 F.2d 334 (6th Cir. 1974); *Buhler v. Marriott Hotels, Inc.*, 390 F.Supp. 999 (E.D.La.1974); *Fawvor v. Texaco, Inc.*, 387 F.Supp. 626 (E.D.Tex.1975); *Hare v. Federal Compress and Warehouse Co.*, 359 F.Supp. 214 (N.D.Miss.1973); *Skidmore v. Travelers Ins. Co.*, 356 F.Supp. 670 (E.D. La.), aff'd per curiam, 483 F.2d 67 (5th Cir. 1973).

■ Moreover, the enforcement scheme of the OSH Act further indicates the congressional intent not to allow employees to bring an action against a federal agency as an employer. The Act establishes an elaborate enforcement procedure in 29 U.S.C. § 659 that the Secretary of Labor may use against an "employer." However, the term "employer" does not include the United States. 29 U.S.C. § 652(5). Therefore, although 29 U.S.C. § 668(a) does require federal agencies to "provide safe and healthful places and conditions of employment," the Act confers no authority upon the Secretary to take enforcement action against federal agencies. The reason for this is that the federal agency area is one "in which ordinary enforcement and penalty provisions are hardly applicable." H.R. Rep.No. 90–1720, 90th Cong., 2d Sess. 20 (1968). If Congress did not intend the Secretary of Labor to enforce the OSH Act against federal agencies, then, *a fortiori*, Congress did not intend private litigants to enforce the OSH Act against federal agencies. Accordingly, the Court finds that the OSH Act does not create a private right of action against federal agencies.

## II. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER THE FIRST AND FIFTH AMENDMENTS.

■ Plaintiffs contend that their first amendment right to petition their govern-

ment for redress of grievances is infringed by the defendants' failure to make safe smoke-filled hallways, corridors, and meeting rooms. Furthermore, plaintiffs argue that the defendants have discriminated against them and denied them their life, liberty, and property without due process of law in violation of the fifth amendment.[1] The Court concludes that the concerns plaintiffs address, though worthy of consideration in another forum, should not be elevated to a constitutional level. *See Ely v. Velde*, 451 F.2d 1130, 1139 (4th Cir. 1971) (environmental concerns are not constitutionally protected).

The Court is persuaded by the well-reasoned opinion of the Court in *Gasper v. Louisiana Stadium and Exposition District*, 418 F.Supp. 716 (E.D.La.1976), that plaintiffs here have not stated a cause of action under the Constitution. In *Gasper*, plaintiff nonsmokers sought to enjoin the defendant from continuing to allow tobacco-smoking in the Louisiana Superdome. They claimed that the defendant's "permissive attitude" toward smoking violated their constitutional right "to breathe smoke-free air while in a State building." 418 F.Supp. at 717. Plaintiffs alleged a violation of the first amendment, in that the presence of tobacco smoke created a chilling effect on their right to receive information. In rejecting this argument, the court observed that there was no attempt by the state to restrict anyone's right to receive information or entertainment. Furthermore, the court noted, the presence of tobacco smoke had no more chilling effect on the first amendment than the selling of beer would have on those persons who refuse to attend events where alcoholic beverages are sold. 418 F.Supp. at 718.

The plaintiffs in *Gasper* also relied upon the fifth and fourteenth amendments. They argued that the state was depriving nonsmoking patrons of the Superdome of their life, liberty, and property without due process of law. Specifically, they asserted that the fifth amendment creates a "right to be free from hazardous tobacco smoke in State buildings." *Id.* The court, relying upon *Public Utilities Commission v. Pollak*, 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068 (1952), rejected this argument. In *Pollak*, plaintiffs had charged that broadcasts over the loudspeakers of buses run by the Capital Transit Company, which operated pursuant to congressional authorization, infringed upon their first and fifth amendment rights. The Supreme Court there stated:

This position [that only one passenger need object] wrongly assumes that the Fifth Amendment secures to each passenger on a public vehicle regulated by the Federal Government a right of privacy substantially equal to the privacy to which he is entitled in his own home. However complete his right of privacy may be at home, it is substantially limited by the rights of others when its possessor travels on a public thoroughfare or rides in a public conveyance. * * * The Federal Government in its regulation of them is not only entitled, but is required, to take into consideration the interests of all concerned. * * * The protection afforded to the liberty of the individual by the Fifth Amendment against the action of the Federal Government does not go that far. The liberty of each individual in a public vehicle or public place is

---

1. The plaintiffs attempt to raise the Rehabilitation Act of 1973, 29 U.S.C. § 706, as a cause of action in their motion. However, they did not assert this statute in their complaint. Even if it were properly pleaded, the specific provision the plaintiffs cite is inapplicable because it relates only to discrimination against the handicapped in programs receiving federal financial assistance—not federal agencies. Also, this Act does not, as plaintiffs concede, expressly create a civil action for private litigants. Furthermore, the statute that does clearly protect against discrimination on the basis of a handi-

cap in federal agencies, 5 U.S.C. § 7153, only protects against an "adverse action" taken against an employee on account of his handicap. *See* 5 C.F.R. § 713.401 (1977). This has been interpreted to ensure that handicapped individuals are afforded "equal opportunity in both job assignment and promotion." *See Ryan v. FDIC*, 565 F.2d 762, 763 (D.C.Cir.1977). No such adverse personnel actions have been alleged in this case. For all these reasons, the Court finds that the plaintiffs cannot rely on the Rehabilitation Act.

subject to reasonable limitations in relation to the rights of others.

343 U.S. at 464, 465, 72 S.Ct. at 821. Consistent with the Supreme Court's language, the *Gasper* court concluded that:

the courts have never seriously considered the right to a clean environment to be constitutionally protected under the Fifth and Fourteenth Amendments. It is well established that the Constitution does not provide judicial remedies for every social and economic ill. *Lindsey v. Normet*, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972). Accordingly, if this Court were to recognize that the Fifth and Fourteenth Amendments provide the judicial means to prohibit smoking, it would be creating a legal avenue, heretofore unavailable, through which an individual could attempt to regulate the social habits of his neighbor. This Court is not prepared to accept the proposition that life-tenured members of the federal judiciary should engage in such basic adjustments of individual behavior and liberties.

\* \* \* \* \* \*

For the Constitution to be read to protect nonsmokers from inhaling tobacco smoke would be to broaden the rights of the Constitution to limits heretofore unheard of, and to engage in that type of adjustment of individual liberties better left to the people acting through legislative processes.

418 F.Supp. at 721–22. *See Hagedorn v. Union Carbide Corp.*, 363 F.Supp. 1061 (N.D.W.Va.1973) (no constitutional cause of action for complaint alleging that emissions

were fouling the air); *Environmental Defense Fund, Inc. v. Corps of Engineers of United States Army*, 325 F.Supp. 728 (E.D. Ark.1971) (no constitutional cause of action for complaint seeking damages as a result of exposure to air pollutants emitted from petroleum refineries).

■ This Court finds the facts of *Gasper* indistinguishable and will adopt its approach. Without in any way denigrating the importance of plaintiffs' environmental concerns, the Court firmly believes that such matters are better left to the legislative or administrative process, where a proper balancing of interests can be made in a forum where such social decisions can more appropriately be made. Accordingly, the Court finds that plaintiffs have failed to state a claim upon which relief can be granted under the first and fifth amendments to the Constitution.

### III. ASSUMING THAT A COMMON LAW CAUSE OF ACTION EXISTS, THIS COURT MAY LACK JURISDICTION TO HEAR SUCH A CLAIM.

■ The plaintiffs contend that the defendants have breached their common-law duty to provide employees with a safe place to work. *See Shimp v. New Jersey Bell Telephone Co.*, 145 N.J.Super. 516, 368 A.2d 408 (1976). The defendants respond that where, as here, a federal employee asserts a claim against his employer, the United States, his exclusive remedy lies under the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101, *et seq.* Without deciding this issue,[2] the Court notes that even if

---

**2.** Defendants rely upon 5 U.S.C. § 8116(c) which reads:

(c) The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee . . . otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compen-

sation statute or under a Federal tort liability statute.

Although the Court will not decide this issue at this time, the Court notes that this provision appears only to apply to damage suits—not injunctive actions, as the one here. Congress' intent in enacting this law was to "provide adequate, fixed recoveries to its employees . . . [by] paying substantial damages to [the government's] injured employees." *See Galimi v. Jetco, Inc.*, 514 F.2d 949, 952–53 (2d Cir. 1975). Therefore, it would seem that the Federal Employees' *Compensation* Act would

plaintiffs have a common-law action, this Court may lack jurisdiction to hear such claim. Therefore, the Court will order both sides to brief fully the issue of whether this Court has jurisdiction over such a common-law claim.

## IV.   CONCLUSION

The Court finds that plaintiffs have failed to state a cause of action under the Occupational Safety and Health Act of 1970, and have failed to state a claim upon which relief can be granted under the first amendment and the fifth amendment to the Constitution. Furthermore, the Court will withhold ruling upon the common-law claim until the issue is more fully briefed, pursuant to this Court's Order.

An Order in accordance with the foregoing will be issued of even date herewith.

not preclude this action which seeks merely injunctive relief.