395 So.2d 240 (1981)
Earnest GOODMAN, Appellant,
v.
KENDALL GATE-INVESTCO., INC., Crow Pope and Land of Florida, Inc., and Jay Leshaw, Appellees.
No. 79-751.
District Court of Appeal of Florida, Third District.
March 10, 1981.
Daniels & Hicks and Sam Daniels, Headley & Headley, Miami, for appellant.
Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger, Miami, for appellees.
Before HENDRY, NESBITT and BASKIN, JJ.
NESBITT, Judge.
The appellant, plaintiff below, was rendered a paraplegic when he fell from a building on which he was working. The apparent cause of his fall from an uncompleted high-rise structure was the absence of safety guardrails. In his action, he joined the land owners as defendants and sought to hold them liable for violations of *241 OSHA. See 29 U.S.C.A. § 651 et seq. The trial court granted the defendants' motion for summary judgment and the plaintiff appeals. We affirm.
Plaintiff recognizes that there is no common law duty on the part of the owner of the premises to provide a safe place to work for the employees of contractors engaged in construction of the premises. Jacques v. Miami Ice & Cold Storage Co., 73 Fla. 1193, 75 So. 788 (1917); Quinnelly v. Southern Maid Syrup Company, 164 So.2d 240 (Fla.2d DCA 1964); Lonis v. Flagler Federal Savings & Loan Association, 164 So.2d 41 (Fla.3d DCA 1964). However, it is plaintiff's position that since: (1) Section 8-1 of the Metropolitan Dade County Code has, by reference, adopted the South Florida Building Code; and (2) the South Florida Building Code [§ 516.1(a)], in turn: (a) adopts the OSHA standards requiring safety guardrails; and (b) makes "compliance with this code ... the responsibility of the owner" [§ 304.2(d)]; that, therefore, a cause of action for violation of the OSHA standards may be maintained against the landowners.
The landowner, in turn, argues that statutes and ordinances must not be construed to displace the common law except where they are specifically and plainly pronounced in clear and unequivocal terms. Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977); Allstate Mortgage Corporation of Florida v. Strasser, 277 So.2d 843 (Fla.3d DCA), aff'd, 286 So.2d 201 (Fla. 1973).
In an attempt to show this clear expression of intent to displace the common law, the plaintiff directs our attention to Section 304.2(d) of the South Florida Building Code which, as indicated, provides that: "Compliance with this code is the responsibility of the owner." We find that the plaintiff's argument is inadequate to overcome the principles of common law above recited.
"Reference statutes" are a convenient way of adopting and incorporating other statutes without needless repetition and such a procedure is proper when it is not in conflict with organic law or enabling statutes. Surrency v. Winn & Lovett Grocery Co., 160 Fla. 294, 34 So.2d 564 (1948). However, such statutes must adopt a "reference statute" or other material by specific and descriptive terminology. Overstreet v. Blum, 227 So.2d 197 (Fla. 1969); Hecht v. Shaw, 112 Fla. 762, 151 So. 333 (1933).
"A statute of specific reference, as its name implies, refers specifically to a particular statute by its title or section number" and incorporates the provisions referred to from the statute as of the time of adoption. §§ 51.07-.08, 2A Sutherland Statutory Construction (4th Ed. 1973). "A general reference statute refers to the law on the subject generally." § 51.07, Sutherland, supra; Steele v. State ex rel. Gorton, 85 Wash.2d 585, 537 P.2d 782 (1975).
Section 8-1 of the Metropolitan Dade County Code only adopts by specific descriptive terminology the "South Florida Building Code." This is insufficient to incorporate by reference the federal standards for safety, commonly known as OSHA, which are "adopted" by the South Florida Building Code. Indeed, this would be a cataclysmic change in the common law and would dramatically change the responsibility of every land or home owner who makes any addition or repair to his property.
This disposition of the appeal renders it unnecessary to determine whether, had the Metropolitan Dade County Commission in fact specifically adopted the federal OSHA regulations by reference, that would have constituted an impermissible invasion into a matter of federal preemption. 29 U.S.C.A. § 667(a); AFL-CIO v. Marshall, 570 F.2d 1030 (D.C. Cir.1978), n. 22; Five Migrant Farmworkers v. Hoffman, 136 N.J. Super. 242, 345 A.2d 378 (1975). Nor do we decide if violations of properly adopted OSHA safety regulations would create a private cause of action. See, Jeter v. St. Regis Paper Co., 507 F.2d 973 (5th Cir.1975); Byrd v. Fieldcrest Mills, Inc., 496 F.2d 1323 (4th Cir.1974); Russell v. Bartley, 494 F.2d 334 (6th Cir.1974).
Accordingly, the summary final judgment in favor of the defendant is affirmed.