**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FRANCES ROSEN, Estate of; BONNIE
SANDS, as personal representative
and individually; LILLIAN
ROSENFIELD, as personal
representative and individually,
Plaintiffs-Appellants,

v.

No. 95-1262

PRINCE GEORGE'S BOARD OF
EDUCATION; EDWARD FELEGY,
Superintendent of Schools for
Prince George's County Maryland;
RIDGECREST ELEMENTARY SCHOOL;
M. CHRISTEL CADY, Principal,
Ridgecrest Elementary School,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-94-1682-JFM)

Submitted: February 27, 1996

Decided: March 21, 1996

Before HALL and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert W. Mance, MUNDY, HOLT & MANCE, Washington, D.C., for Appellant. Andrew W. Nussbaum, Roger C. Thomas, REICHELT, NUSSBAUM, LAPLACA & MILLER, Greenbelt, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Frances Rosen taught at Ridgecrest School in Prince George's County, Maryland, from 1981 until 1985. In April 1984, unencapsulated asbestos fibers were found in various locations in the school. In April 1993, Rosen was diagnosed with mesothelioma cancer of the lungs. She died in March 1994.

Rosen's sister and mother filed this action, claiming violations of Rosen's civil rights and wrongful death. The district court granted Defendants' motion to dismiss the complaint, and Plaintiffs appealed. We affirm the district court's ruling.

We review de novo the district court's dismissal under Fed. R. Civ. P. 12(b)(6). Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991), cert. denied, 503 U.S. 936 (1992). We must affirm the dismissal if the plaintiffs would not be entitled to relief under any facts which might be proved in support of their claim. Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

Appellants claimed that the conditions in the school violated the Occupational Safety and Health Act (OSHA), 29 U.S.C.A. §§ 651-678 (West 1985 & Supp. 1995), and based their civil rights claim, 42 U.S.C. § 1983 (1988), on the alleged violations. But the OSHA statute

2

does not create a private right of action. 29 U.S.C.§ 653(b)(4) (1988); Byrd v. Fieldcrest Mills, Inc., 496 F.2d 1323, 1323 (4th Cir. 1974). Section 1983 may not be used as a substitute for state tort law. Parratt v. Taylor, 451 U.S. 527, 544 (1981); Baker v. McCollan, 443 U.S. 137, 146 (1979). In addition, Maryland's Workers' Compensation Act, Md. Labor & Emp'nt Code Ann. §§ 9-501 to -510 (1991 & Supp. 1995), appears applicable, §§ 9-501, -502. Where the Act applies, it provides an exclusive remedy. § 9-509.

We affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3