**SATELLITE FINANCIAL PLANNING CORPORATION, et al., Plaintiffs,**

v.

**FIRST NATIONAL BANK OF WILMINGTON, et al., Defendants.**

Civ. A. No. 85–463 CMW.

United States District Court, D. Delaware.

Oct. 6, 1986.

James F. Harker of Herlihy & Wier, Wilmington, Del., for plaintiffs; Robert W. Steele, Roger C. Simmons, James R. Myers and W. James McKay of Steele, Simmons & Fornaciari, Washington, D.C., and William F. Jones of Jones & Mack, Annapolis, Md., and Edward J. Glusing, Jr., Baltimore, Md., of counsel.

Walter L. Pepperman, II, William H. Sudell, Jr. and David A. Jenkins of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendant First Nat. Bank of Wilmington.

E. Norman Veasey and Robert W. Whetzel of Richards, Layton & Finger, Wilmington, Del., for defendants, Commercial Credit Corp. and Control Data Corp.; James R. Eyler, Jefferson V. Wright and J. Steven Lovejoy of Miles & Stockbridge, Baltimore, Md., of counsel.

CALEB M. WRIGHT, Senior District Judge.

Plaintiffs Satellite Financial Planning Corporation ("Satellite Financial") and Satellite Earth Station Protection Company move, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to amend their complaint. Plaintiffs seek to restate their claims for relief under their theories of breach of fiduciary relationship, tortious interference with actual and prospective business relations, fraud, and the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* (1985). This Court dismissed these claims in *Satellite Financial Planning v. First National Bank*, 633 F.Supp. 386 (D.Del.1986).

Defendants First National Bank, Commercial Credit Corporation, and Control Data Corporation contest the motion to amend the RICO count.[1] The parties differ on whether or not defendants' alleged acts constituted the pattern of racketeering activity necessary to state a cause of action under RICO. The Court holds that the proposed amended complaint still fails to state a viable RICO claim. Accordingly,

---

1. The defendants did not argue against the plaintiffs' motion to amend with respect to the state law claims but reserved the right to do so if this Court retained jurisdiction over the case. Because the futility standard applied to motions to amend is identical to that applied on a 12(b)(6) dismissal motion, the Court sees nothing wrong with permitting the plaintiffs to amend with respect to the state law claims. Defendants also presented arguments, primarily on a summary judgment standard, for the dismissal of the plaintiffs' Bank Holding Company Act count. Consideration of that motion will wait until plaintiffs can complete the discovery needed for them to file a response to that motion. In the interests of judicial economy, the Court will allow the plaintiffs to amend with respect to Count I and decide all the issues pertaining to that Count when the summary judgment motion is ready to be decided. The Court notes that defendants renewed their summary judgment motion in their brief pertaining to the instant motion.

the plaintiffs may amend in the manner set out in the proposed amended complaint except for the proposed amendments to the RICO count. Plaintiffs are denied leave to amend the RICO count.

■ On a motion to amend, a court can deny the motion if the proposed amendment is futile. In determining whether a proposed amendment is futile, the Court should apply the same standards as are applied to Rule 12(b)(6) motions to dismiss. *Halliburton & Assoc. v. Henderson, Few & Co.,* 774 F.2d 441, 444 (11th Cir.1985); *Vibrant Sales, Inc. v. New Body Boutique, Inc.,* 105 F.R.D. 553, 555 (S.D.N.Y. 1985). Accepting all the well-pleaded facts of the proposed amended complaint as true, the Court must decide whether the facts state a claim upon which relief can be granted.

■ In order to state a claim under RICO, a plaintiff must, *inter alia,* allege a pattern of racketeering activity. *Sedima S.P.R.L. v. Imrex Co., Inc.,* — U.S. —, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985); *Mullin v. Bassett,* 632 F.Supp. 532 (D.Del. 1986). In *Sedima,* the Supreme Court elaborated on what "pattern of racketeering activity" should mean:

> The definition of a "pattern of racketeering activity" differs from the other provisions in § 1961 in that it states that a pattern *"requires* at least two acts of racketeering activity," § 1961(5) (emphasis added), not that it "means" two such acts. The implication is that while two acts are necessary, they may not be sufficient. Indeed, in common practice, two of anything do not generally form a "pattern".

*Sedima,* 105 S.Ct. at 3285 n. 12. Although this comment was dicta, lower federal courts have read *Sedima* as providing a clear signal that it was time to re-evaluate the construction given to the term "pattern of racketeering activity." *See, e.g., Allington v. Carpenter,* 619 F.Supp. 474, 478 (C.D.Cal.1985); *Northern Trust Bank/O'Hare, N.A. v. Inryco, Inc.,* 615 F.Supp. 828 (N.D.Ill.1985). This Court has discussed the pattern issue in *Mullin v.*

*Basset,* 632 F.Supp. at 540 and *Hill v. Equitable Bank,* 642 F.Supp. 1013 (D.Del. 1986). Applying those decisions to Satellite Financial's proposed amended complaint, the Court finds that no pattern exists.

■ One of the prime considerations in finding a pattern is whether the predicate acts alleged are both related and sufficiently differentiated. *Mullin,* 632 F.Supp. at 541. If the acts are too similar, then no ongoing design or continuity can be found. *Id.* In *Kredietbank, N.V. v. Joyce Morris, Inc.,* No. 84–1903 (D.N.J. January 9, 1986) [Available on WESTLAW, DCTU database], the court noted that "the repetition of an act taken against a single victim or set of victims following closely on the heels of the original wrong, in some circumscribed circumstances ... suggests no expansion, no ongoing design, no continuity, such as was the target of Congress in RICO."

■ The RICO count of the proposed amended complaint realleges the state common law fraud claims and supplements these claims with some specific examples of mail and wire fraud. The set of fraudulent misrepresentations that constitute the common law fraud claim should, for RICO purposes, be viewed as one act. Each allegation is an example of the defendants misrepresenting facts with respect to their relationship with plaintiffs. The statements were made to plaintiffs for the purpose of defrauding plaintiffs. The various misrepesentations closely followed each other, were repetitive, and were aimed at a single victim.

Plaintiffs' additional allegations in the RICO count that go beyond the state common law fraud claim are insufficient to create a pattern of racketeering activity. Satellite Financial first alleges that First National Bank caused a trade publication to publish some of the fraudulent representations enumerated earlier. Yet, plaintiffs also allege that the discussion with the trade publication was for the purpose of defrauding *plaintiffs,* not other victims. The discussion with the publication is in

reality one more example of the frauds alleged between plaintiffs and defendants. Therefore, these discussions do not help create a pattern.

■ The remaining acts alleged in the RICO count concern the communications through the wires and mails by defendants. The wire fraud alleged included "pretended good faith receipt of [credit applications] from plaintiffs, follow-up calls to consumers, credit checking calls to defendants' varied credit sources, calls to and from plaintiffs' various dealers, and factual misstatements to plaintiffs, on a regular and routine basis." Proposed Amended Complaint at ¶ 102(b). The mail fraud alleged concerned the mailing of checks to consumers, dealers and the plaintiffs. *Id.* at ¶ 102(c). It is noteworthy that the only factual misstatements alleged as going through the mails or wires were those made to plaintiffs. This is significant because all the other acts alleged were part of defendants' obligations under the plaintiffs' agreement with defendants. In other words, plaintiffs seem to be saying that any acts defendants took that were in accordance with the contract were actually part of a pattern of racketeering activity. It makes little sense to find a pattern of racketeering activity through a combination of misrepresentations made concerning an agreement and acts done in conformity with that same agreement.

■ Another consideration in RICO pattern cases is the continuity of the activity. In *Temporaries, Inc. v. Maryland National Bank*, 638 F.Supp. 118 (D.Md.1986), the court held that there was no pattern of racketeering activity because the acts alleged took place in a definite period of time and did not have the potential to continue indefinitely. In the instant case, First National Bank's acts took place in a one year period. The alleged goal was to steal Satellite Financial's business. The value First National Bank would receive from the al-

leged fraud was necessarily brief; once they had access to Satellite Financial's dealer network, there was no need to continue the relationship with Satellite Financial. Second, First National Bank ended the relationship between plaintiffs and defendants after only a year. Defendants, therefore were not trying to perpetrate an ongoing fraud. Plaintiffs cannot allege that the alleged scheme was to be ongoing. *See Torwest DBC v. Dick*, 628 F.Supp. 163 (D.Col.1986).[2]

■ On two different levels of analysis, then, plaintiffs have failed to allege a pattern of racketeering activity. First, the activities undertaken were not sufficiently unconnected in time or substance to constitute separate criminal episodes. *Allington v. Carpenter*, 619 F.Supp. 474, 478 (C.D. Cal.1985). Second, the acts are not sufficiently continuous and ongoing to create a pattern. *Temporaries, supra.*

■ With respect to plaintiffs' allegation of the RICO count against First National Bank, there is another ground for denying the motion to amend. A RICO claim must allege an enterprise through which the person subject to liability acted. *Sedima*, 105 S.Ct. at 3285. Plaintiffs allege that First National Bank was the enterprise through which Commercial Credit and Control Data Corporation effected their goals. The person subject to liability under RICO cannot also be the enterprise for that RICO count. *B.J. Hirsch v. Enright Refining Co.*, 751 F.2d 628 (3d Cir. 1984). Because plaintiffs have not alleged a RICO violation where First National Bank was the person working through another enterprise, the RICO claim, as against First National Bank, should be dismissed.

Plaintiffs have attempted to transform what appears to be a case of state law fraud into a federal RICO cause of action. On close examination of the facts alleged, this effort must fail. The acts alleged are

---

**2.** The fact that First National Bank ended the relationship with Satellite distinguishes the instant case from *Hill v. Equitable Bank, supra.* In *Hill*, defendants allegedly attempted to cover up the fraudulent acts, thus indicating an attempt to make the racketeering activity ongoing. Here, the racketeering activity had a finite lifetime.

not sufficiently different, nor are they sufficiently ongoing, to allow the RICO claim.

An Order will enter in conformity with this Opinion.