TOSHIO TAIRA, Plaintiff-Appellant, *v.* OAHU SUGAR COMPANY, LIMITED, Defendant-Appellee, Third-Party Plaintiff-Appellant, *v.* CENTRAL PACIFIC BOILER & PIPING, LIMITED and INDUSTRIAL MECHANICAL CONTRACTORS, INCORPORATED, Third-Party Defendants-Appellees

NO. 6528

SEPTEMBER 12, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* Appellant Taira appeals the trial court's granting of a motion for directed verdict made by Appellee

Oahu Sugar Company, Ltd. at the close of appellant's case. In deciding this question, two of appellant's arguments need be considered:

(1) Whether the court ignored evidence upon which the jury could have found that Central Pacific Boiler was not an independent contractor, and

(2) Whether the trial court erred in excluding expert testimony and regulations promulgated under the Occupational Safety and Health Act, 29 U.S.C.A. § 651 *et seq.*, offered by appellant as evidence of Appellee Oahu Sugar's negligence. We find both arguments to be without merit and affirm.

On March 9, 1973, Appellant Taira fell from a sugar cane cleaner owned by Appellee Oahu Sugar Company. At the time of his fall, Taira was employed as a journeyman welder by Third-Party Defendant-Appellee Central Pacific Boiler & Piping, Ltd. (hereinafter referred to as "CPB"). Oahu Sugar had contracted with the joint venture composed of CPB and Third-Party Defendant-Appellee Industrial Mechanical Contractors, Inc. to renovate the stool drum area of the cane cleaner from which Taira fell. The contract specifically provided that the joint venture was to

Furnish Labor, Equipment and Competent Supervision, Fabricate And Install The Work Necessary To Replace One Set Of (6) Stool Drums And Repair The Sidewalls Of The Stool Drum Bay Located At The "A" Cleaning Plant of OSCo.

Mr. Berth Sniffen, a CPB foreman, supervised the repair of the cane cleaner and its six drums. He took instructions as to the repair of the cane cleaner from Walter Park, who was in charge of supervising all of CPB's workers at the Oahu Sugar factory. Oahu Sugar's factory superintendant, Teruo Tabata, periodically checked the progress of the repair operation and explained to Sniffen and Park what had to be done; he did not, however, give CPB's men orders or tell them how to do their work. During the renovation operations, no one from Oahu Sugar was working in the stool drum area. At the time of

Taira's fall, no one from Oahu Sugar Company was in the building.

On the day of the fall, Sniffen instructed Taira to climb to the top of the drums to continue the repair operation. To prevent the drums from spinning, Taira, at Sniffen's instructions, tack-welded a scrap iron bar across them. Taira then positioned a two-by-twelve inch wooden plank approximately 30 feet above the ground with one end resting on the edge of the vertical steel wall opposite the last drum, and the other end resting on the last drum itself. Sniffen devised this procedure to provide Taira with a platform from which to work. Taira was straddling the plank and welding when the tack-weld cracked and the drum upon which the plank rested began to spin, causing Taira to fall and suffer serious injury.

At the close of appellant's case, Oahu Sugar moved for a directed verdict on the grounds that Oahu Sugar, as a general contractor, was not liable for those actions taken by CPB as an independent contractor which caused appellant's injuries. The trial court entered a directed verdict in favor of Oahu Sugar Company with the following remarks:

> [T]he court finds that Oahu Sugar did not do the work of changing and repairing the walls in the cane washer area. That work was done by CPB, and the court is satisfied that the work was done by CPB on an independent contract basis; and that Oahu Sugar is not a general contractor in the sense of being liable as a general contractor.
>
> The court further finds that Oahu Sugar did not have control in this situation as against the control of the situation by CPB. . . . Any supervision or control exercised by Oahu Sugar was simply as a check to see that what was being done by CPB was what was being ordered to be done by Oahu Sugar; not as to how it was to be done.
>
> .   .   .   .
>
> Now, in any industrial situation, it would seem to the court that a dangerous situation can arise as a result of the manner in which work is done. And this is the fault of the person who has decided how the work is to be done. And in this case it would be the fault of CPB when they

determined to put this plank across on the teeth of the drum and to tie the drum with a tack weld. . . . The premises were not dangerous to begin with, but only became dangerous as a result of the manner in which CPB went about to do this job.

Appellant argues that the trial court erred in entering a directed verdict because the record contained evidence upon which the jury could have found in appellant's favor. On motions for directed verdict,

[T]he evidence and the inferences which may be fairly drawn from the evidence must be considered in the light most favorable to the party against whom the motion is directed and if the evidence and inferences viewed in that manner are of such character that reasonable persons in the exercise of fair and impartial judgment may reach different conclusions upon the crucial issue, then the motion should be denied and the issue should be submitted to the jury. [Citation omitted].

*Farrior v. Payton,* 57 Haw. 620, 626, 562 P.2d 779, 784 (1977).

Specifically, appellant contends that Oahu Sugar Company participated in the supervision of the repairs of the work in which Mr. Taira was engaged. In support of his contention, appellant cites the testimony of Mr. Tabata, Oahu Sugar Company's supervisor.

We give them [CPB employees] verbal instructions on more or less what's to be done, so from time to time they might have questions, you know, how to do it and how we want to change this corroded piece and so forth, so they either come directly to myself or to the department head of that area.

This comment taken in context does not indicate that Oahu Sugar Company directed how work should be done by CPB since the record indicates that Oahu Sugar Company did not give directions to Mr. Taira or any other CPB employee at any time as to how to repair the sugar cane processing equipment. Mr. Sniffen at all times directed Mr. Taira in the repair of the drums and surrounding area. It was Central Pacific Boiler that had the expertise in welding required to complete the job

and, as indicated by the terms of the contract, they were given complete responsibility for making the necessary repairs and for determining how to make those repairs. It was Mr. Sniffen who instructed Taira to tack-weld the drums which he knew would spin unless they were secured in some fashion. And it was Mr. Sniffen who instructed Mr. Taira to lay the plank between the drum and the adjacent steel wall. When considered in the light most favorable to appellant, the facts could not lead a reasonable person in the exercise of fair and impartial judgment to conclude other than that Central Pacific Boiler exercised complete direction and control over the repair of the sugar cane equipment.

Appellant also contends that the court erred in not allowing the jury to consider certain regulations promulgated under the Occupational Safety and Health Act, 29 U.S.C.A. § 651 *et seq.* in determining the liability of Oahu Sugar Company. He implies that OSHA created a private cause of action enabling appellant to sue Oahu Sugar Company for failure to comply with OSHA and its concomitant regulations. Numerous courts have considered the question of whether the Occupational Safety and Health Act creates a cause of action in favor of employees against employers or third-party contractees who contract with an independent contractor for damages caused by failure to comply with OSHA. In every case, it has been concluded upon review of the legislative history to the Occupational Safety and Health Act and the specific language of 29 U.S.C.A. § 653(b)(4) that Congress did not intend to create an implied cause of action in its enactment of the statute. *See, e.g., Jeter v. St. Regis Paper Co.,* 507 F.2d 973 (5th Cir. 1975); *Byrd v. Fieldcrest Mills, Inc.,* 496 F.2d 1323 (4th Cir. 1974); *Horn v. C. L. Osborn Contracting Co.,* 423 F.Supp. 801 (M.D. Ga. 1976); *Federal Employees For Nonsmokers' Rights v. U.S.,* 446 F.Supp. 181 (D.D.C. 1978); *Hare v. Federal Compress & Warehouse Co.,* 359 F.Supp. 214 (N.D. Miss. 1973). Thus, because the Occupational Safety and Health Act did not by itself impose a duty upon Oahu Sugar Company running in appellant's favor, the trial court properly excluded all expert testimony and evidence regarding the regulations.

Appellant further argues that under *Mitchell v. Valdastri,* 59 Haw. 53, 575 P.2d 1299 (1978), OSHA regulations and expert testimony regarding what safety measures could or should have been taken for the protection of workmen in the area where Taira was injured should have been admissible as evidence of Oahu Sugar Company's duty as a property owner to provide Central Pacific Boiler's employees with a reasonably safe place to work. In *Valdastri,* the property owner hired an independent contractor to repair a crane that was attached to the ceiling of the property owner's premises without informing the independent contractor that the crane had a defective braking system that would not stop it from sliding along the ceiling. The employees of the property owner assisted the employees of the independent contractor in raising a ladder to one of the cranes to make repairs. As the ladder was climbed by the independent contractor's employee, the crane slid backwards and the ladder fell to the ground causing serious injuries to the employee.

Unlike *Valdastri,* the present case contains no evidence that Oahu Sugar Company violated its duty to provide the independent contractor and its employees with a reasonably safe place to work. Oahu Sugar Company had notified Central Pacific Boiler that the drums could rotate. It was Central Pacific which directed Taira to tack-weld the scrap iron bar to the drum to prevent rotation and it was the failure of the tack-weld which caused appellant's injuries. There thus was no causal connection between Oahu Sugar Company's duty to provide Central Pacific Boiler's employees with a reasonably safe place to work and appellant's injury. OSHA regulations and expert testimony were therefore irrelevant and properly excluded.

The trial court's entry of a motion for directed verdict in favor of Oahu Sugar Company is affirmed.

Having affirmed the lower court's decision, we deem it unnecessary to address those matters raised on appeal by Third-Party Plaintiff-Appellant Oahu Sugar Company, Ltd.

*Christopher P. McKenzie (Benjamin L. Carroll, III* on the briefs; *Gould & McKenzie* of counsel) for Toshio Taira.

■

*Stephen B. MacDonald (Cades Shutte Fleming & Wright* of counsel) for Oahu Sugar Company, Limited.

*George W. Playdon, Jr. (Davis, Witherwax, Playdon & Gerson* of counsel) for Central Pacific Boiler & Piping, Limited and Industrial Mechanical Contractors, Incorporated.