**Keith J. KOHL, Plaintiff,**

v.

**John SMYTHE, et al., Defendants.**

**Civ. No. 97–00586 ACK.**

United States District Court,
D. Hawaii.

Feb. 12, 1998.

William Harrison Elkner, Law Offices of William H. Elkner, Honolulu, HI, Mitchell C. Wallis, Honolulu, HI, for Plaintiff.

Keith J. Kohl, Honolulu, HI, pro se.

Thomas R. Keller, Martin W. Basiszta, Office of the Attorney General—State of Hawaii, Honolulu, HI, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND

KAY, Chief Judge.

### FACTUAL BACKGROUND

Plaintiff Keith J. Kohl ("Plaintiff") previously held a position as a Recreation Specialist III at the State of Hawaii Halawa Correctional Facility ("Halawa") and was a member of bargaining unit 13 of the Hawaii Government Employees Association. There remains a factual dispute whether Plaintiff was either: (1) a government volunteer; or (2) an independent contractor. On August 13, 1997, Halawa terminated Plaintiff, effective September 15, 1997. On September 15, 1997, Plaintiff filed his first amended complaint ("FAC") in this Court. Plaintiff alleges, inter alia, that Defendants improperly fired him from his position at Halawa in retaliation for his complaints of lack of safety in the workplace, i .e., Plaintiff's repeated grievances and requests for a personal security guard. Plaintiff further claims that these complaints are of a matter of public concern, thus qualifying as constitutionally protected speech and warranting a cause of action under 42 U.S.C. § 1983 (" § 1983"). Plaintiff refers to his "federal rights to request additional safety measures and guard protection, such rights being secured to the Plaintiff by the United States Constitution, First and Fourteenth Amendments and OSHA[1] Statutes." FAC ¶ 12.

Defendants filed the instant motion to dismiss for lack of subject matter jurisdiction and failure to state a claim on October 23, 1997. Plaintiff filed his untimely opposition on December 29, 1997 to which Defendants replied on January 7, 1998. This matter came on for hearing on January 12, 1998.

### STANDARD OF REVIEW

#### I. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

██ A motion to dismiss for lack of subject matter jurisdiction under Rule

---

1. Plaintiff is referring to the Occupational Safety and Health Act codified at 26 U.S.C. § 651, *et seq.*

12(b)(1) may either attack the allegations of the complaint or may be made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact. *Thornhill Publishing Co., Inc. v. Gen'l Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir.1979). Where the motion to dismiss is a "speaking motion," no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. *Id.* Moreover, the burden is on the plaintiff to prove, by affidavits or other evidence, that subject matter jurisdiction does in fact exist. *Id.; St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.1989).

## II. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Under Rule 12(b)(6), in determining whether a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the plaintiff's allegations contained in the complaint and view them in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Wileman Bros. & Elliott, Inc. v. Giannini*, 909 F.2d 332, 334 (9th Cir.1990); *Shah v. County of Los Angeles*, 797 F.2d 743, 745 (9th Cir.1986). Thus, the complaint must stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Balistreri*, 901 F.2d at 699; *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir.1984).

In essence, as the Ninth Circuit has stated, "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.), *cert. denied*, 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). The Court must determine whether it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiffs' claims. *Id.*

A motion under Rule 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the Complaint, such as absolute immunity or the statute of limitations. 2A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice*, ¶ 12.07 at 12–68 to 12–69 (2d ed.1991 & supp. 1191–92) (citing *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)).

## DISCUSSION

### I. Statute of Limitations

Plaintiff has failed to oppose Defendants' contention that the applicable statutes of limitations have expired regarding the alleged acts of Defendants Tuminello, Hoomana, Iranon, Watkins and Fountain. Insofar as this limitations defense is readily apparent from the face of the FAC and is without opposition, the Court GRANTS Defendants' motion to dismiss as to these Defendants WITH prejudice. *See* Local Rule 7.4 (effective October 30, 1997).

### II. 42 U.S.C. § 1983, Civil Rights, Stating A Claim

In order to state a cause of action under § 1983, a plaintiff must show (1) that a person acting under color of state law engaged in the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988).

The Defendants are officials of Halawa, a state operated facility, thus the Court finds their actions to be under the color of state law. Regarding deprivation of a constitutional right or privilege, Plaintiff's complaint may be interpreted to allege that Defendants deprived him of his liberty interest in "personal security" by not providing him with a bodyguard. Plaintiff further alleges that the Defendants terminated him in retaliation for

Plaintiff's repeated complaints regarding the lack of his safety at Halawa in violation of the First Amendment.

### A. *"Personal Security"*

■ The Fourteenth Amendment affords Plaintiff with a protected liberty interest in "personal security." *Ingraham v. Wright,* 430 U.S. 651, 672, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). If the Defendants had physically attacked and injured Plaintiff, thus depriving him of his constitutional interest in security, Plaintiff could potentially state a cause of action under § 1983. *See, e.g., Washington v. District of Columbia,* 802 F.2d 1478, 1481 (D.C.Cir.1986). However, mere negligence of the Defendants "in the conduct of their duties does not trigger the substantive due process protections of the Fourteenth Amendment and therefore does not state a claim under section 1983." *Woodrum v. Woodward County,* 866 F.2d 1121, 1126 (9th Cir.1989) (citing to *Daniels v. Williams,* 474 U.S. 327, 330–32, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* 474 U.S. 344, 347, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986)).

■ In the instant case, the Court construes Plaintiff's allegations to, at most, state a claim for negligence on the part of Halawa officials in failing to provide him with a personal security guard. Even in accepting these allegations as true, the Court finds that, on these grounds, Plaintiff has failed to state a valid claim under § 1983. Rather, Defendants alleged negligence is only actionable under common law torts or an imposed contractual duty, although the question would remain whether Defendants would be shielded from liability from civil damages. The Supreme Court has expressly stated that § "1983 imposes liability for violations of right protected by the Constitution, not for duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." *Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). To the extent that Plaintiff is alleging negligence, the state courts are the proper forum to initiate litigation.

### B. *"Property Interest"*

■ Plaintiff's complaint fails to allege that he had a constitutionally protected property interest in continuing his position as a Recreation Specialist III at Halawa. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. . . . Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source . . ." such as state law or contracts. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Thus, while Plaintiff may have expected to continue his position at Halawa, he has failed to allege any promise or agreement to that effect. Plaintiff has failed to allege a constitutionally protected interest in personal security or property, therefore the only potential avenue to state a claim under § 1983 falls under the protections afforded by the First Amendment.

### C. *The First Amendment and § 1983*

■ Plaintiff's allegations of unlawful retaliation could tenably support a claim under § 1983 via the First Amendment. *See e.g., Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1314 (9th Cir.1989). The United States Supreme Court has held that it is "clear that even though a person has no 'right' to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely." *Perry v. Sindermann,* 408 U.S. 593, 597, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). "The government may not deny a benefit to a person on a basis that infringes his constitutionally protected interests—especially, his interest in free speech." *Id.* In *Perry,* the Supreme Court held that a teacher's right to continued employment or tenure (or the lack thereof) was irrelevant to his § 1983 free speech claim that the university had not re-hired him because he criticized the Board of Regents. To establish a § 1983 claim the relevant question is simply whether Plaintiff has alleged the loss of a valuable

governmental privilege or benefit[2] in retaliation for his protected speech. Plaintiff alleges that he lodged numerous grievances with officials at Halawa, criticizing the unsafe working conditions of the facility and requesting that Halawa provide him with his own private body guard. Plaintiff further alleges that his grievances are entitled to the constitutional protections of the First Amendment. Thus, under *Perry*, Plaintiff's free speech claim may be sufficient to state of cause of action under § 1983.

Plaintiff has the burden of alleging constitutionally protected speech in a § 1983 claim based upon the First Amendment. To state a viable unlawful retaliation claim under § 1983, the Ninth Circuit has outlined the following factors. First, whether the plaintiff was engaged in a constitutionally-protected activity. *Rendish v. City of Tacoma*, 123 F.3d 1216, 1219 (9th Cir.1997). Second, whether plaintiff's exercise of her constitutionally-protected right was a "substantial" or "motivating" factor in the defendant's action. *Id.* Finally, whether defendant has established by a preponderance of the evidence that it would have taken the same action in the absence of the protected conduct. *Id.*; *see also Gillette v. Delmore*, 886 F.2d 1194, 1197 (9th Cir.1989); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir.1989).

Preliminarily, the Court must determine if the First Amendment protects Plaintiff against termination for the type of speech in which he was engaged. *McKinley v. City of Eloy*, 705 F.2d 1110, 1113 (9th Cir.1983). In *Pickering v. Bd. of Educ.*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), the United States Supreme Court articulated the "public concern" test in an attempt to balance the rights of public employees to free speech and of the government to regulate the workplace. Under *Pickering*, termination or other retaliation as a consequence of speech does not run afoul of the First Amendment unless the speech addresses a matter of "public concern." *Id.* at 572–74, 88 S.Ct. 1731. Determining whether the speech in question involves a matter of public concern mandates an inquiry into the "content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers*, 461 U.S. 138, 147–48, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983).

Well settled is the principle that speech by public employees "may be characterized as not of 'public concern' when it is clear that such speech deals with individual personnel disputes and grievances and that the information would be of no relevance to the public's evaluation of the performance of governmental agencies." *McKinley*, 705 F.2d at 1114, *Connick*, 461 U.S. at 148, 103 S.Ct. 1684. On the other hand, speech that enables the population to "make informed decisions about the operation of their government merits the highest degree" of First Amendment protection. *McKinley*, 705 F.2d at 1114.

The decisions of *Pickering, Connick* and *McKinley* are particularly instructive in determining whether the speech at issue is of public concern. The Court finds that Plaintiff's repeated grievances and complaints regarding his lack of safety at Halawa, i.e., his requests for a personal security guard, do not substantially involve matters of public concern. Therefore, Plaintiff was not entitled to First Amendment protection.[3] First, although the safety of Halawa could be a matter of public concern in assessing the

---

**2.** Apparently there is some debate as to whether Plaintiff was an independent contractor or a volunteer. While this categorization is certainly relevant in determining whether Plaintiff may allege a § 1983 claim, it is not determinative in analyzing whether he is entitled to First Amendment protection. *Hyland v. Wonder*, 972 F.2d 1129, 1135–36 (9th Cir.1992). Rather, the applicable case law has held that public officials may not deny either employment or the opportunity to serve as a volunteer because of the Plaintiff's exercise of free speech. *Id.* at 1135; *Perry v. Sindermann*, 408 U.S. at 597, 92 S.Ct. 2694.

**3.** The Court's finding that Plaintiff has failed to establish that he was engaging in a constitutionally-protected activity renders the remaining elements of a First Amendment claim under § 1983 moot. Accordingly, the Court declines to address whether Plaintiff's speech was a substantial or motivating factor and whether Defendant has demonstrated that it would have taken the same action in the absence of the speech. *Rendish*, 123 F.3d at 1219.

functioning of correctional facilities in Hawaii, at no time did Plaintiff attempt to disseminate this information to the public for its benefit. Rather, Plaintiff's complaints and requests for a personal security guard may be categorized as a personal "grievance concerning internal office policy." *Connick,* 461 U.S. at 154, 103 S.Ct. 1684. Second, in the realm of public employment, the Court notes its obligation to thoroughly critique the object of the speech at issue for if courts were "[t]o presume that all matters which transpire within a government office are of public concern would mean that virtually every criticism" of a public employer or official "would plant the seed of a constitutional case." *Id.* at 149, 103 S.Ct. 1684. Where, as here, the employee's speech cannot be said to be reasonably related to "any matter of political, social or other concern to the community, government officials should enjoy wide latitude in managing their offices, without intrusive oversight by the judiciary." *Id.* at 146, 103 S.Ct. 1684.[4]

The Court finds that Plaintiff's allegations as stated do not articulate a cognizable legal theory and hereby GRANTS Defendants' motion to dismiss.

■■ However, the Court is reluctant to find that leave to amend will fail to cure the apparent defects. For example, at the hearing on this matter, Plaintiff's counsel argued that Defendants violated numerous provisions of OSHA. Failure to comply with OSHA, in and of itself, does not create a private cause of action. *See e.g., Taira v. Oahu Sugar Co., Ltd.* 1 Haw.App. 208, 212, 616 P.2d 1026 (Haw.Ct.App.1980) (citations omitted). At the present time, the Court is unable to determine whether Plaintiff's

OSHA allegations refer to violations of OSHA promulgated safety standards; violation of OSHA's anti-retaliation provision, 29 U.S.C. § 660(c)(1) or its state counter-part at H.R.S. § 396–8(e)(3) or otherwise. Furthermore, there remains a factual dispute whether Plaintiff was either (1) a government volunteer or (2) an independent contractor. While this categorization is irrelevant in determining whether the instant case warrants First Amendment scrutiny, if the latter, then the terms of the contract may provide plaintiff with a constitutionally protected property interest and, thus, another viable avenue of relief. Accordingly, the Court GRANTS thirty days leave to amend as to the remaining Defendants.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss. The dismissal is WITH prejudice as to Defendants Tuminello, Hoomana, Iranon, Watkins and Fountain. Furthermore, Plaintiff is given thirty (30) days leave to amend. Failure to file an amended complaint will result in this case being dismissed WITH prejudice.

IT IS SO ORDERED.

---

4. In the event that Plaintiff's speech could be categorized as being of public concern, *Pickering, Connick* and their progeny mandate that the Court conduct a balancing test between the interests of the employee in making the statement against the state's interest as an employer "in promoting the efficiency of the public services it performs through its employees." *Pickering,* 391 U.S. at 568, 88 S.Ct. 1731.

The Court alternatively notes that even if it had determined that Plaintiff's speech involved matters of public concern, his speech would not be entitled to the protections of the First Amendment because the speech at issue fails the *Picker-*

*ing* balancing test. The Court finds that the state's interest in efficiently running a correctional facility and determining the safety of guards and other employees outweighs the Plaintiff's grievances for a personal security guard. This conclusion is bolstered by the fact that the due process clause of the Constitution does not guarantee "employees of the government better terms or working conditions or amenities than those available in private employment." *See e.g., Walker v. Rowe,* 791 F.2d 507, 508 (7th Cir.1986). The government is simply not required to provide each Halawa employee with a personal security guard.